## Lewis, Adm'r, v. Chittick and others.[1]

*(Circuit Court, W. D. Missouri, W. D.* October Term, 1885.)

SUBROGATION — ADMINISTRATOR'S SALE — MORTGAGES — HOMESTEAD RIGHTS OF WIFE—NOTICE.

A. and wife borrowed $300 of school money from the county of Livingston, Missouri, and mortgaged their homestead as security. A. died being indebted to the county for other borrowed money besides the $300, and his wife, as administratrix, under order of the probate court sold all his right, title, and claim in the land to pay his debts in 1875, and B. became the purchaser and sold the land to C., subject to the county mortgage. C. afterwards substituted his own mortgage for the one of B. and had the original mortgage of A. released, and later resold the land to B., subject to the county mortgage C. had given. B. then borrowed $400 of D., applying so much of it as was necessary to pay the county debt in that way, and paying the balance to B., who gave a mortgage on the land in controversy. Under the law of Missouri, the right to the homestead of A. passed to the wife, but none of the parties knew this, and they all dealt with the land as if the whole title had passed by the administrator's sale. The wife removed to Kansas, where she married E., and subsequently she and E. sold their interest in the land to F. by quitclaim deed. B.'s interest had been sold under the mortgage given to secure D., but he was in possession when E. and wife conveyed to F., and B. let F. into possession, and he joined such possession to the title acquired by his quitclaim deed. D. brought suit to cancel the release of the original mortgage from A. to the county and subrogate himself to the county claim, having in fact paid the debt of the county. *Held,* that D. was entitled to have the release canceled and to be subrogated to the rights of the county, with authority to legally enforce his claim against the land.

In Chancery.

*Wm. A. Wood,* for complainant.

*L. H. Waters,* for defendants.

KREKEL, J. From the pleadings and evidence in this case it appears that in 1871 Burnsides and wife were living upon 60 acres of land in Livingston county, Missouri. While so living they borrowed $300 of school money of the county of Livingston, and secured it by giving a mortgage upon their homestead. Burnsides, not long after the giving the mortgage, died, and his wife administered on the estate. Burnsides, being indebted aside for the school money borrowed of the county, an order of the probate court was in due time made, directing the administrator to sell the land to pay debts, which she did, selling all the right, title, and claim of the deceased. At this sale, in 1875, one Bell became the purchaser, and he on the same day sold the land to one O'Dell, subject to the county mortgage. O'Dell afterwards substituted his own mortgage for the one of Bell, and had the original mortgage of Burnsides released. After this O'Dell resold the land to Bell, subject to the county mortgage O'Dell had given. Bell, being again the owner of the land, applied for a loan to the present plaintiff, and obtained it; so much of the loan as was necessary to pay the Livingston county debt being applied in that way,

.Reported by Robertson Howard, Esq., of the St. Panl bar.

and the balance paid to Bell, who, to secure the loan, gave a mortgage upon the land in controversy. No notice was taken in all of these transactions of Mrs. Burnsides' rights. The title to the homestead of Burnsides, under the laws of Missouri, on his death passed to Mrs. Burnsides; but all the parties to the transactions, being ignorant of that fact, dealt with the land as though the whole title had passed by the administrator's sale. Mrs. Burnsides in time removed to the state of Kansas, and there married one Cooper. After this the rights of Mrs. Burnsides (now Cooper) became known, and she and husband sold their interest to the present defendant, and made him a quitclaim deed. Bell's interest in the land had been sold under the deed of trust which he had given to secure the loan of the plaintiff, but he was still in possession when Cooper and wife conveyed the land to defendant. Bell let the defendant into the possession, and he joined that possession to the title of Mrs. Burnsides growing out of her homestead.

The object of this suit, originally commenced in the state court and removed here, is to cancel the release of the original mortgage from Burnsides to Livingston county and subrogate the present plaintiff to the Livingson county claim, having in fact paid the debt of the county. It is claimed by the defendant that this ought not be done, because of the release of the Burnsides mortgage, which occurred when O'Dell substituted his own for it, and because of its payments being voluntarily made. When the present plaintiff bought the interest of Mrs. Burnsides and took a quitclaim deed, he bought nothing except the equities Mrs. Burnsides had in the land at the time of the death of Burnsides, which was a homestead right, subject, however, to the mortgage of Mr. Burnsides and herself.

It is not pretended that Mrs. Burnsides, Mr. Cooper, or Mr. Chittick, the present defendant, has paid it. The testimony is that, though Mr. O'Dell substituted his own mortgage for that of Burnsides, the money was not paid to Livingston county until the present plaintiff paid it, when she took a deed of trust to secure her loan. Now, for the defendant to say that this payment was voluntary, and it being so, I will take advantage of it so as to get a title released from the incumbrance which rested upon the homestead right of Mrs. Burnsides when he bought it, and thereby defraud plaintiff of the money she paid, is evidently so unjust and inequitable that the law nor the court will help him to commit such a wrong. Payments made in ignorance of the real state of facts, such as took place in this case, cannot be said to be voluntary. The decree of the court will be that the release of the mortgage given by Burnsides and wife to county of Livingston be canceled, and that the present plaintiff be subrogated to the rights of Livingston county, with authority to enforce her claim against the land according to law.